This is a controversy without action submitted under C. S., 626, et seq. It was agreed and stipulated (1) that the defendant Elbert Welch was treasurer of Swain County from December, 1928, to December, 1932; (2) that D. A. DeHart and the other defendants other than Elbert Welch, executed as sureties and delivered to Swain County a bond in the sum of $111,000, conditioned upon the faithful performance of the duties of such treasurer by Elbert Welch; (3) that said Welch, as treasurer, "deposited the money and funds coming into his hands belonging to said county, in the Citizens Bank of Bryson City," and that no depository was designated by the commissioners of said county; (4) and (5) that on 21 November, 1930, said Welch, as treasurer, "held funds belonging to said county amounting to the sum of $57,452.56," which were deposited in said Citizens Bank when it closed its doors on *Page 440 
account of insolvency on said date; (6) and (7) that, subsequently, by virtue of an order of court, dated 23 January, 1931, said bank was reopened and continued to operate its business until 8 February, 1932, when it was finally closed and taken over by the Commissioner of Banks for liquidation, and that at said time said bank "had on deposit to the credit of Elbert Welch, treasurer of Swain County, money and funds belonging to Swain County in the sum of $43,224.19, for which sum Swain County has never had settlement, and to recover which this suit was instituted," and that the failure to settle has not been due to default, neglect, or misappropriation by Elbert Welch, but to the failure of said bank; (8), (9), and (10) that in the liquidation of the bank, there was delivered to the defendant Welch certain real estate, personal property, notes, and other evidence of indebtedness from the assets of the bank, to be applied on his deposit as treasurer, and that the defendant is now in possession of said properties and has tendered them to Swain County in settlement of the indebtedness of $43,224.19 of the defendants to the plaintiff, which tender has been refused; (11) that this action was instituted on 24 October, 1933, to recover of the defendants said sum of $43,224.19; (12) that prior to the institution of this action, certain of the defendants had purchased and are now the owners and holders of "certain past-due Swain County bonds and attached coupons, which were issued by Swain County and for which said county is liable," aggregating $10,000; (13) that subsequent to the institution of this action, said defendants purchased and are now the holders and owners of "certain other past-due bonds and attached coupons issued by Swain County, and for which said county is liable," aggregating $33,500.00; (14) "that if the court is of the opinion, and shall hold as a matter of law, that the defendants are entitled to offset the bonds and coupons issued by Swain County, purchased, owned, and held by them prior to the institution of this action, against the claim of the plaintiff in this action, then it is agreed that judgment may be rendered allowing said defendants to offset, in like manner, all bonds and coupons issued by Swain County, purchased, and now owned and held by them, subsequent to the institution of this action, against the claim of the plaintiffs herein"; (15) that the defendants have proposed to offset their indebtedness due Swain County with the bonds and coupons held by them, which are past due, but the plaintiff Swain County has refused said offer; (16) that all the property in Swain County is valued for taxation for the year 1934 at $5,888,045, that said county has an outstanding indebtedness of $1,532,000, and is in default in the payment of said indebtedness in the sum of $278,500, which latter amount is included in the former, and said county is in default of interest payments as of 1 January, 1935, not included in said outstanding indebtedness, $224,690; (17) that the County of Swain *Page 441 
at the date of the aforementioned tender of bonds and coupons, did not have, nor has it had at any time since said date, sufficient funds or assets to pay its outstanding indebtedness; (18) and (19) that it is further agreed that if the court is of the opinion that the defendants are entitled to offset their indebtedness to Swain County with the aforesaid bonds and coupons, the real estate and personal property received by the defendant Elbert Welch from the Citizens Bank of Bryson City shall become the property of said Welch, and that judgment shall be rendered in favor of the plaintiff for the sum of $43,500 and costs, to be satisfied upon delivery to the plaintiff by the defendants of the aforementioned past-due bonds and coupons for cancellation, it being stipulated that the interest on said bonds shall offset the interest due on account of the claims set up in the complaint; and that in the event the Court should hold that the defendants are not entitled to offset said past-due bonds and coupons against the claims set up in the complaint, then judgment shall be entered against the defendants and each of them for the sum of $111,000, the penalty of the treasurer's bond, to be discharged upon the payment to the plaintiff of the sum of $43,224.19 with interest from 8 February, 1932.
Upon the foregoing agreed facts and stipulations, the court adjudged that the plaintiff have and recover of the defendants and each of them the sum of $43,500; and that the "defendants are entitled, as a matter of law, to offset and settle said indebtedness due and owing by them to the plaintiff with the past-due bonds and all attached coupons issued by Swain County and owned and held by said defendants, said bonds being in the principal sum of Forty-three Thousand and Five Hundred ($43,500) Dollars."
From the judgment of the Superior Court, the plaintiff appealed to the Supreme Court, assigning error.
The single exceptive assignment of error is to the signing of the judgment as appears in the record, and this presents the single legal proposition as to whether the defendants, the treasurer of Swain County and his official bondsmen, can successfully set up as a counterclaim past-due bonds and coupons of the county against the amount admittedly due Swain County by them on the official bond signed by them by reason of the failure of said treasurer to pay said county the full amount due by him to it.
This action arises upon the official bond of the treasurer, a contract. The counterclaim of the defendants arises upon the past-due bonds of the plaintiff county, also contracts. The counterclaim, according to the *Page 442 
agreed facts and stipulations, existed in favor of the defendants and against the plaintiff at the commencement of this action, and several judgments might have been had between the plaintiff and defendants. The plaintiff might have recovered judgment on the treasurer's bond, and the defendants might have recovered judgment on the county's past-due bonds. Therefore, the counterclaim set up by the defendants falls clearly within the provision of C. S., 521, which reads: "The counterclaim mentioned in this article must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action, and arising out of one of the following causes of action: (1) . . . (2) In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action." The reasoning inBourne v. Board of Financial Control, 207 N.C. 170, is apposite to this case.
There is nothing in the agreed state of facts to indicate that the amounts for which the treasurer had failed to account "represented collected taxes which were levied for certain specific purposes," as contended in appellant's brief. All that appears in the record is that such amounts were "money and funds coming into his hands belonging to said county." Nor does it appear that the bonds held by the defendant are other than general obligations of the county, payable out of its general funds.
The judgment of the Superior Court is
Affirmed.